FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE PINEDA, | No. 11-16124 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00179-JLT |
| v. | |
| A. ENENMOH; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding[**]

Submitted July 17, 2012[***]

Before:    SCHROEDER, THOMAS and SILVERMAN, Circuit Judges.

California state prisoner Jose Pineda appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth Amendment

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Pineda consented to proceed before a magistrate judge.  See 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

violations in connection with injuries he sustained during a fall. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Pineda's claims because Pineda failed to allege facts demonstrating that defendants knew of and disregarded an excessive risk to his health. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to a prisoner's health, and a difference of opinion concerning the appropriate course of treatment does not amount to deliberate indifference); *Ortez v. Washington Cnty., Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (dismissal of claims was proper where plaintiff failed to allege that "defendants knew of or participated in activities connected to the alleged § 1983 violations"); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (a supervisor can be liable for constitutional violations of subordinates only if the supervisor knew of and failed to act to prevent the violations).

We do not consider issues not explicitly and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Pineda's remaining contentions are unpersuasive.

**AFFIRMED.**

2                                                                                      11-16124